J-S17043-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :  IN THE SUPERIOR COURT OF
                          :        PENNSYLVANIA
            Appellant            :
                          :
                          :
           v.                :
                          :
                          :
JOSEPH MATT LOMBARDI, JR.      :  No. 2267 EDA 2025

Appeal from the Order Entered July 29, 2025
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CP-0003539-2023

BEFORE:   PANELLA, P.J.E., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED JULY 27, 2026**

The Commonwealth appeals from the order of the Court of Common Pleas of Delaware County, which granted a "Petition for Return of Property" for a firearm and loaded magazine filed by Appellee, Joseph Matt Lombardi, Jr. Upon review, we find that the court erred in granting the motion and reverse the order.

The trial court provides the following factual and procedural history:

On May 18, 2023[,] members of the Clifton Heights Police Department were called to the back of 408 N. Springfield Road, Clifton Heights, Delaware County, Pennsylvania[,] to investigate reports of a fight. Following the break up of the fight, when police were questioning Appellee [], they observed a firearm magazine protruding from [Appellee's] waistband, and they ordered him to place his hands on top of a vehicle for a pat down safety search. As a result of the search[,] police seized a [.45 caliber Glock Model 30 firearm] and a loaded magazine. Police determined Appellee did not have a license to carry a firearm. Appellee [] was charged

_____

[*] Retired Senior Judge assigned to the Superior Court.

with 18 Pa.C.S. § 6101(a)(2) [f]irearm not to be carried without a license. On April 9, 2025[,] following a nonjury trial, Appellee was found not guilty. On May 14, 2025[,] Appellee filed a "Petition for Return of Property." On July 10, 2025[,] the court heard argument on the motion …

Trial Court Opinion, 11/19/25, 1-2.

Appellant's petition was filed pursuant to Pennsylvania Rule of Criminal Procedure 588. At the return motion hearing, Appellee represented himself and proffered an application submitted to the Pennsylvania State Police to register the subject firearm. **See** N.T. Return Hearing, 7/10/25, 4. The Commonwealth objected to holding the hearing on the ground that the court no longer had jurisdiction because Appellee did not file his petition during the pendency of the criminal charges or within the thirty-day period after the conclusion of the criminal trial, explicitly citing to **Commonwealth v. Allen**, 107 A.3d 709 (Pa. 2014), and **Commonwealth v. Setzer**, 392 A.2d 772 (Pa. Super. 1978). **See** N.T. Return Hearing, 7/10/25, 4-7. The Commonwealth also objected to the admission of Appellee's application for registration of the firearm because it had not been properly authenticated. **See id.**, 7. The trial court held the matter under advisement for further testimony or decision. **See id.**, 8. On July 29, 2025, the court issued an order granting Appellee's petition. **See** Order, 7/29/25.[1]

---

[1] Appellee was represented by counsel at his criminal trial but proceeded *pro se* at the return motion hearing. On February 19, 2026, this Court granted counsel leave to withdraw from representation. **See** Superior Court Order, 2/19/26.

On August 28, 2025, the Commonwealth filed a notice of appeal. ***See*** Commonwealth's Notice of Appeal, 8/28/25. The trial court ordered, and the Commonwealth filed, a concise statement of errors complained of on appeal. ***See*** Pa.R.A.P. 1925(b); Order, 9/12/25; Commonwealth's Statement Pursuant to Rule 1925(b), 9/23/25.

The single issue raised by the Commonwealth for our review is:

> Whether the trial court erred by granting the Appellee's Petition for Return of Property under Pa.R.Crim.P. 588, where the petition was filed more than thirty days after the disposition of the case and the court therefore lacked jurisdiction.

Appellant's Brief, 4.

"[W]hether a criminal defendant has an obligation to file a petition for return of property prior to the completion of proceedings before the trial court … is purely a question of law[.]" ***Allen***, 107 A.3d at 714. "[A]ccordingly, our standard of review is *de novo*, and our scope of review is plenary." ***Id.***

In ***Allen*** our Supreme Court held that, with respect to a criminal defendant filing a stand-alone return of property motion pursuant to Rule 588, that the:

> motion is timely when it is filed by [the] accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition [of the criminal charges]. ***See*** 42 Pa.C.S. § 5505 (providing that a trial court retains jurisdiction to modify or rescind any order within thirty days of its entry, if no appeal has been taken).

***Allen***, 107 A.3d at 717 (footnote omitted). Moreover, "it is the search and seizure of the property [] that triggers the ability to move for return of the seized property." ***Id.*** Thus, where, as in ***Allen***, the property owner was

- 3 -

subject to criminal proceedings in connection with property that was seized by police, he must file a motion for return of that property with the court "during the pendency of the criminal proceedings, or while the trial court retained jurisdiction for thirty days following" completion of the criminal proceeding. *Id.* Because the property owner in *Allen* failed "to do so, he [] waived any entitlement to the return of property under Rule 588." *Id.*[2]

*Allen* controls the resolution of this case. Appellee's firearm and loaded magazine were seized during a criminal investigation that led to the filing of criminal charges against him. As a result, he could have, and should have, filed a return motion during the pendency of those criminal charges or within thirty days of the resolution of the charges to preserve his claim. *See Allen*, 107 A.3d at 717. However, he did not do so. The court acquitted him of the criminal charges on April 9, 2025. He therefore had thirty days, until May 9,

---

[2] Our Supreme Court cited *Allen*'s continuing validity this year as a reason to reject the Commonwealth's argument that the filing of a return motion was "premature" where the Commonwealth could still refile criminal charges that had been dismissed. *See In re Smith*, --- A.3d ---, 2026 WL 1480332, *6 (Pa. filed May 27, 2026) ("under the Commonwealth's theory, a person … must always file at least two motions for return of property – one to avoid waiver under *Allen*, and one at some later point after the charges are refiled or the speedy trial clock runs").

Prior to *Allen*, this Court had adopted a similar rule of waiver for the filing of untimely motions under Rule 588. *See Setzer*, 392 A.2d at 773. We held that a claimant must assert his or her right of return of property in the criminal proceeding to which it was relevant and during which it could be raised, otherwise the claimant forfeits any entitlement to the return of the property. *See id.* We stated "where [a return motion] issue is cognizable in a given proceeding and is not raised[,] it is waived and will not be considered on a review of that proceeding." *Id.*

- 4 -

2025, to file a stand-alone return motion.[3] The instant motion was filed on May 14, 2025, more than thirty days after Appellee's acquittal and, importantly, after the trial court had lost jurisdiction over his case. Accordingly, Appellee "waived any entitlement to the return of property under Rule 588." *Allen*, 107 A.3d at 717.

Appellee did not file a brief in this appeal. We review now the trial court's arguments for why it did not apply *Allen*. The trial court acknowledges both that the Commonwealth argued the court had lost jurisdiction to entertain Appellee's petition under *Allen*. *See* Trial Court Opinion, 11/19/25, 3-4. "In this case, although the record demonstrates Appellee filed the motion thirty-five days after disposition of the criminal charges, the court determined notwithstanding the *Allen* decision and the question concerning jurisdiction, the general principles of equity and fairness dictate the property should be returned[.]" *Id.* 4. The court opined that Appellee was not charged with any crimes relating to the fight and did not use the firearm during the fight; Appellee was acquitted; and Appellee provided information proving he was the

---

[3] *Allen* applies to stand-alone motions. When the Commonwealth files a forfeiture petition, either in response to an otherwise untimely return motion or on its own, it thereby commences a new proceeding in which a return motion is cognizable. *See Commonwealth v. Irland*, 193 A.3d 370, 391 n.9 (Pa. 2018). In *Irland*, our Supreme Court distinguished *Allen* on the ground that it addressed a stand-alone return motion whereas the Commonwealth in *Irland* had filed a responsive petition for forfeiture. *Id.*; *see also Allen*, 107 A.3d at 715 n.7 (noting the Commonwealth's contention that "when [the Commonwealth] files a forfeiture petition in response to an untimely motion for return of property ... it is waiving the defenses of untimeliness or waiver by claiming ownership of the subject property and asking the court to adjudicate the merits of its claim").

rightful owner of the firearm. **See id.** The court also distinguished **Allen** on the grounds that Appellee was acquitted and so "was not advised of any post verdict rights or any time limitations as they pertain to the property." **Id.**

After our review, we observe that the trial court erroneously applied the abuse of discretion standard of review. **See** Trial Court Opinion, 11/19/25, 2. The issue before us on appeal is whether the trial court had jurisdiction to entertain Appellee's return motion, which is a question of law, and not whether, assuming it did have jurisdiction, its grant of the motion was proper. **See Allen**, 107 A.3d at 714.

Jurisdiction to entertain the motion in the first place is not a matter of equity, but a feature of statute. Thirty days after disposition of the criminal charges, the trial court loses jurisdiction. **See** 42 Pa.C.S. § 5505. That is the basis of **Allen**'s rule that a criminal defendant aggrieved by the seizure of property must file a stand-alone motion for return of that property "during the pendency of the criminal proceedings, or while the trial court retained jurisdiction for thirty days following" disposition. **Allen**, 107 A.3d at 717. The trial court's reliance on factors relevant to the merits of a return motion – the offenses Appellee was charged with, the manner in which he used the firearm, his ultimate acquittal and his proffered proof of rightful ownership – are not a proper basis to create jurisdiction for itself to entertain the merits.

The trial court's attempt to distinguish **Allen** on the ground that Appellee was acquitted of charges rather than having the charges withdrawn, as in **Allen**, is not at all persuasive. As a functional matter, we do not find it

significant how the criminal charges are disposed, just that they are disposed by some date certain, providing the commencement of the final thirty-day period set out by statute. *See* 42 Pa.C.S. § 5505. Moreover, the trial court did not cite to any authority to support its decision to grant a return motion filed after the court lost jurisdiction over the matter.

The trial court's additional argument that Appellee was not apprised of "any post verdict rights or any time limitations as they pertain to the property," Trial Court Opinion, 11/19/25, 4, impermissibly creates a non-statutory requirement for Section 5505 to end a trial court's jurisdiction. Moreover, we are unaware of any similar instruction or warning provided to a criminal defendant when the Commonwealth withdraws charges. There is no mention of such in *Allen*, where the criminal charges were withdrawn, and the holding in *Allen* does not turn on the criminal defendant failing to heed a court's instruction. Rather, our Supreme Court noted that the result in *Allen* was similar to that reached by this Court in *Setzer*, which relied on "the classic rule that an issue not raised is waived and will not be considered on appeal, [] and observing that the [return] issue would have been cognizable in the lower court and [therefore] reviewable on appeal" if it had been raised. *Allen*, 107 A.3d at 717 (citing *Commonwealth v. Romberger*, 378 A.2d 283, 286 (Pa. 1977) for the proposition that it "is a fundamental doctrine in this jurisdiction that where an issue is cognizable in a given proceeding and is not raised it is waived and will not be considered on a review of that proceeding"). In addition, Appellee had counsel through the pendency of the criminal

proceedings, including at the time he was acquitted of the criminal charges. Nevertheless, he did not file a return motion during the pendency of the proceedings and did not assert any basis to ignore **Allen**, either in his *pro se* petition or at the hearing in response to the Commonwealth's contention that that trial court did not have jurisdiction. **See** Appellee's Petition for Return of Property, 5/14/25, 1-6 (asserting ownership and acquittal); N.T. Return Hearing, 7/10/25, 3-9 (Appellee only proffering evidence of registration of firearm and asking whether there would need to be any further proceedings).

In this case, as in **Allen**, Appellee was the defendant in a criminal proceeding in which the property at issue had been seized and filed a stand-alone motion for the return of property more than thirty days after disposition of all criminal charges. Thus, as in **Allen**, Appellee "waived any entitlement to the return of property under Rule 588." **Allen**, 107 A.3d at 717. The trial court erred by reaching the merits of Appellee's petition for return of property at all where the petition should have been dismissed as untimely.

Order reversed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/27/2026